

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

NOV -7 2017

RICK WARREN
COURT CLERK
.73

| | |
|---|---|
| VICKIE DYER, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) Case No. **CJ-2017-6384** |
| STATE FARM MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## PETITION

COMES NOW the Plaintiff, Vickie Dyer, by and through her attorneys of record, Joe E. White, Jr. and Charles C. Weddle III of White & Weddle, P.C. and, for her causes of action against the Defendant, alleges and states as follows:

1. Plaintiff Vickie Dyer is a citizen of the State of Oklahoma.

2. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a for-profit corporation authorized to do business in the State of Oklahoma, with its principal headquarters in Bloomington, Illinois.

3. Defendant regularly conducts business throughout the State of Oklahoma, including Canadian County. Defendant issues policies, processes claims, and conducts all matters of business through an office(s) and agents located in Oklahoma County.

4. The matter sued on herein occurred in the State of Oklahoma.

5. The Defendant has sufficient contacts with the State of Oklahoma to warrant the exercise of *in personam* jurisdiction by this Court. Pursuant to 12 O.S. §2004(F), this Court has proper subject matter jurisdiction. Pursuant to 12 O.S. §137, venue is proper in Oklahoma County.

6. The amount in controversy herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## FACTS

7. Plaintiff adopts and incorporates herein paragraphs 1 through 6 above, as if more fully stated out herein, and further alleges and states as follows:

8. That at all material times herein, Plaintiff was insured pursuant to a contract(s) of insurance on a 2012 Toyota Avalon with Defendant that provided, among other things, uninsured/underinsured (UM/UIM) motorist insurance coverage for Plaintiff in the amount of $250,000.00 limits (per person), identified as insurance policy number 0001799361. This contract of insurance was in full force and effect at the time of Plaintiff's loss on September 6, 2014.

9. That on or about September 6, 2014, Plaintiff was involved in an automobile collision in Canadian County, Oklahoma, in the vicinity of I-40 and Mustang Road, resulting in damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00). The Plaintiff was not at fault in the collision.

10. Within days of the September 6, 2014, automobile collision, Plaintiff provided notice to State Farm of said collision resulting in a UM/UIM claim (Claim #36-574T-962). Thereafter, the Plaintiff timely notified the Defendant of, among other things, her UM/UIM claim.

11. As a result the September 6, 2014, collision, the Plaintiff sustained personal injuries and necessary medical treatment, including, but not limited to, a right total hip arthroplasty and right wrist decompressive surgery.

12. On or about May 17, 2016, at the request of the Defendant, it received a medical opinion by Dr. Neal Small (based solely upon the Plaintiff's medical information the Defendant had provided to him) wherein he stated, "In summary, the right total hip arthroplasty and the right wrist decompressive surgery involving the first dorsal compartment addressed conditions that were not caused or aggravated by the motor vehicle accident."

14. In response to Dr. Small's opinion, on or about February 28, 2017, the law firm of Lawter & Associates, PLLC (hereafter "Lawter"), counsel for Plaintiff, provided the Defendant with the unbiased opinion of Plaintiff's treating physicians, Dr. Kristopher Avant and Dr. Brad Reddick.

15. That on or about March 13, 2017, and April 7, 2017, the Defendant advised Lawter by letter that it had forwarded Dr. Avants' and Dr. Reddick's information to Dr. Small for a "supplemental review" and, upon receipt of that review, the Defendant "will be in contact with you to discuss resolution of this claim."

16. Following Dr. Small's supplemental report dated April 10, 2017, the Defendant re-evaluated its insured's (Plaintiff) claim and stood by its decision that it "determined the value remains within the available liability limits of the responsible party. Therefore, based on available information, we do not believe our insured is entitled to payment under the Uninsured/Underinsured Motorist Coverage."

17. That as a result of this improper conduct on the part of the Defendant, Plaintiff has sustained, among other things, monetary damages, inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish, and financial distress.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

18. Plaintiff adopts and incorporates herein paragraphs 1 through 17 above, as if more fully stated out herein, and further alleges and states as follows:

19. When Plaintiff purchased the subject insurance policy, she did not contract to obtain a commercial advantage, but sought to protect herself against the risks of accidental losses and the mental stress that could result from such losses. State Farm knew one of the primary reasons a consumer, such as Plaintiff, purchases insurance is the peace of mind and security that it provides in the event of loss. State Farm knew that the very risk Plaintiff insured herself against presupposed that when a claim was made for benefits under the underinsured/uninsured coverage, Plaintiff could possibly be in financial straits or circumstances and, therefore, particularly vulnerable to oppressive tactics on the part of an economically-powerful entity such as State Farm.

20. That State Farm's relationship with its insured was a fiduciary relationship and/or a special relationship making the laws governing fiduciary relationships applicable. Despite this fiduciary and/or special relationship, State Farm refused to honor its prior commitment to pay for damages incurred by Plaintiff.

21. That State Farm breached the insurance contract with Plaintiff by failing to pay her for the damages incurred as a result of the September 6, 2014, collision. As a result of State Farm's breach of contract, Plaintiff has been damaged by at least the amount of the UM/UIM policy limit per person of $250,000.00.

## SECOND CAUSE OF ACTION

## BAD FAITH

22.     Plaintiff adopts and incorporates herein paragraphs 1 through 21 above, as if more fully stated out herein, and further alleges and states as follows:

23.     State Farm is required to do at least the following as part of its duty of good faith and fair dealing with first-party insured including the Plaintiff:

(a)     Treat her interest with equal regard to its own interest (not adversarial process);

(b)     Assist her with her UM claim;

(c)     Conduct a full, fair and prompt investigation of her UM claim;

(d)     Fairly, objectively, and even-handedly evaluate her UM claim;

(e)     Diligently search for and consider evidence that supports payment of her UM claim;

(f)     Not deny or reduce her UM claim based upon insufficient information, speculation or bias;

(g)     Promptly pay all UM policy benefits owed to her under the policy;

(h)     Not rely upon opinions of biased or predictable experts to deny or reduce payment of her UM claim;

(i)     Not compel her to institute and pursue a lawsuit to recover benefits due under the UM policy; and

(j)     Not delay payment to her of UM benefits owed under the policy.

24.     State Farm has violated its duty of good faith and fair dealing by unreasonably and in bad faith refusing to pay Plaintiff the proper amount for valid claims under the insurance policies. State Farm has further violated the duty of good faith and fair dealing by unreasonably failing to perform a proper investigation and by failing to evaluate the results of its investigation properly; that State Farm has no reasonable basis to refuse to offer the uninsured/underinsured policy limits of $250,000.00 to satisfy the

claim. State Farm has further violated its duty of good faith and fair dealing by negligently supervising this loss.

25. That Plaintiff has made repeated demands that Defendant pay her UM/UIM claim as a result of the September 6, 2014, automobile collision pursuant to the policy of insurance previously issued by Defendant to Plaintiff, and the Defendant refused to, among other things, timely and properly investigate, evaluate, and properly pay Plaintiff's claim(s). This includes unreasonably, recklessly, and/or intentionally delaying payment of the applicable UM/UIM policy limits of $250,000.00. As a result, State Farm has breached its duty of good faith and fair dealing owed to the Plaintiff.

26. The Defendant solicits opinions from venders (such as Medical Consultants Network, LLC) and non-treating doctors (such as Dr. Neal Small) whose opinions the Defendant knows will unreasonably permit the denial and/or reduction of first-party claims. The Defendant returns to these venders and no-treating doctors time and time again on its first-party claims because it knows it can rely on these doctors as a basis to stop paying or paying less than they owe on other first-party claims including UM/UM claims. These third-parties, like Medical Consultants Network, LLC and Dr. Neal Small, offer biased and predictable medical opinions which the Defendant unfairly, unreasonably, and illegitimately uses as part of an overall cost-containment program to arbitrarily deny/reduce claim payments to the detriment of their insureds.

27. Consistent with State Farm's corporate policy and/or practice, it used Medical Consultants Network, LLC and Dr. Neal Small in this case as a basis to disregard or ignore the UM policy provision of the subject insurance policy to

unreasonably, reckless, and/or intentionally deny payment of the Plaintiff's first-party UM claim.

28.     That State Farm has breached the duty of utmost good faith and fair dealing owed by an insurer to its insured. State Farm has recklessly disregarded its duty to deal fairly and in good faith with its insured. That as a result of State Farm's breach of its duty of good faith and fair dealing, Plaintiff has suffered actual monetary damages and has also suffered inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish, and financial distress in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

29.     Finally, based upon State Farm's wanton, willful, and malicious actions, as well as its reckless disregard of its duty to deal fairly and in good faith towards its insured, Plaintiff seeks punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## CONCLUSION

WHEREFORE, premises considered, Plaintiff Vickie Dyer prays for judgment in her favor against the Defendant, State Farm Mutual Automobile Insurance Company, for (a) breach of contract damages in the amount of $250,000.00; (b) actual damages in an amount in excess of $75,000.00; (c) punitive damages in an amount in excess of $75,000.00; (d) Plaintiff's prejudgment interest, costs, and a reasonable attorney fee; and (e) such other relief to which Plaintiff may be entitled.

Respectfully submitted,

                          /s/ Joe E. White, Jr.

JOE E. WHITE, JR.          OBA #12930
CHARLES C. WEDDLE III  OBA #18869
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX

*Attorneys for Plaintiff,*
*Vickie Dyer*

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**